## Commonwealth v. Essig

*William B. McClenachan, Jr.*, district attorney, for Commonwealth.

*Albert J. Williams*, county solicitor, for Delaware County.

*D. Malcolm Hodge*, for defendant.

SWENEY, J., May 3, 1943.—On July 9, 1942, Joseph R. Essig was arrested, charged with driving his automobile while under the influence of intoxicating liquor, and, before a justice of the peace of this county, he was held under $300 bail for court. The Maryland Casualty Company became surety for defendant. On September 7, 1942, defendant was inducted into the United States Army. On October 15, 1942, the case was called for trial and, when defendant failed to appear, the court ordered the recognizance forfeited and the forfeiture certified to the court of common pleas. On October 26, 1942, judgment was entered in said court against defendant and against the Maryland Casualty Company as surety.

On March 26, 1943, the Maryland Casualty Company filed its petition to remit the forfeited recognizance, entered in the court of quarter sessions as of no. 248, September sessions, 1942, and also filed its petition to open the judgment on the forfeited recognizance, entered in the court of common pleas as of no. 315, September term, 1942.

The Maryland Casualty Company bases its request for relief upon the fact that the surety was unable to comply with the terms of the recognizance due to the induction of defendant into the army and, further, that the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178, sec. 100, 50 U. S. C. §510, prohibits the entry of judgment, unless a certain procedure is followed as prescribed by the act; that this procedure was not followed in the case at bar; and that the judgment is improperly entered and must be opened.

We quote the purpose of this act, because we think it important.

"In order to provide for, strengthen, and expedite the national defense under the emergent conditions which are threatening the peace and security of the United States and to enable the United States the more successfully to fulfill the requirements of the national defense, provision is hereby made to suspend enforce-

ment of civil liabilities, in certain cases, of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service during the period herein specified over which this Act remains in force."

The procedure to be followed in the entry of judgments is as follows:

"Sec. 200(1). In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such affidavit plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that plaintiff is not able to determine whether or not defendant is in such service. If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest, and the court shall on application make such appointment. Unless it appears that the defendant is not in such service the court may require, as a condition before judgment is entered, that the plaintiff file a bond approved by the court conditioned to indemnify the defendant, if in military service, against any loss or damage that he may suffer by reason of any judgment should the judgment be thereafter set aside in whole or in part. And the court may make such other and further order or enter such judgment as in its opinion may be necessary to protect the rights of the defendant under this Act."

The protection of the act is enlarged to cover persons who are secondarily liable, and section 103 of the act, as amended October 6, 1942, 56 Stat. at L. 769, reads as follows:

"(1) Whenever pursuant to any of the provisions of this Act the enforcement of any obligation or liability, the prosecution of any suit or proceeding, the entry or enforcement of any order, writ, judgment, or decree, or the performance of any other act, may be stayed, postponed, or suspended, such stay, postponement, or suspension may, in the discretion of the court, likewise be granted to sureties, guarantors, endorsers, . . . and others . . . subject to the obligation or liability, the performance or enforcement of which is stayed, postponed, or suspended.

"(2) When a judgment or decree is vacated or set aside in whole or in part, as provided in this Act, the same may, in the discretion of the court, likewise be set aside and vacated as to any surety, guarantor, endorser . . . or other person . . . liable upon the contract or liability for the enforcement of which the judgment or decree was entered."

There is no act of Congress which gives to this defendant any protection, by reason of military service, for violations of the laws committed before he entered the service. There is no dispute as to the facts in this case: defendant is charged with driving while intoxicated; there was no collision and no one was hurt; he could not appear when his case was called for trial because he was in the Army; his bail was forfeited, and the forfeiture certified as a judgment.

In the absence of a statute giving us the right to remit the forfeiture, we are powerless, no matter how strongly we may feel about the service which this defendant is rendering to his country. As a consequence, we must refuse to remit the forfeiture in this case and to release and discharge the surety.

On the petition to open the judgment, however, we feel that the act of Congress, and particularly the sec-

tions above quoted, make it necessary for us to open this judgment which has been erroneously entered against defendant. And since we must open the judgment against defendant, it must also be opened against the surety.

No one can tell how long our country may be at war. To permit a judgment to stand in this case and in other cases similar to it might mean the imperilling of the financial structure of companies who are permitted by law to act as sureties and might also work great hardship upon individuals who, for a consideration or through friendship, act as sureties. This would be unfair.

There is also the consideration that defendants are permitted to enter bail according to law. If we take the position that the failure of a defendant to appear, because of induction into the service, will result in a judgment being entered against defendant and his surety, it may become impossible for defendants to secure bail.

It must be understood, however, that bail will be forfeited in all criminal cases. In proper cases, the court may cause judgment to be entered, in compliance with the Soldiers' and Sailors' Civil Relief Act of 1940, for the proper protection of the rights of the Commonwealth.